UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOSHUA JONES     * | CIVIL ACTION NO: 3:21-cv-00419 |
|     Plaintiff     * | |
| * | |
| VS.     * | JUDGE BRIAN A. JACKSON |
| * | |
| UNITED RENTALS (NORTH AMERICA),* | MAGISTRATE JUDGE RICHARD L. |
| INC. and UNITED RENTALS, INC.     * | BOURGEOIS, JR. |
|     Defendants     * | |
| * | |
| *   *   *   *   *   *   * | |

## MOTION FOR SUMMARY JUDGMENT

NOW COMES Plaintiff, Joshua Jones, who moves this Court for summary judgment, pursuant to Fed. R. Civ. P. 56, on the following grounds:

**1.**

Plaintiff filed this lawsuit against Defendants, United Rentals (North America, Inc.) and United Rentals, Inc., seeking a declaratory judgment regarding the enforceability of certain restrictive covenants contained in a February 18, 2013 Employment Agreement between Plaintiff and Defendants. *See* Petition for Declaratory Judgment, Rec. Doc. No. 1-1, at pp. 29-36. The Petition and its Exhibits are also attached hereto as Exhibit 1.[1]

**2.**

Plaintiff is entitled to summary judgment on each of the following issues in his Petition, which are purely questions of law regarding contractual interpretation, as well as other undisputed facts:

    a.    That Louisiana law governs the enforceability of the Agreement;

---

[1] Portions of the state court record, more specifically the bottom sections of pages, are missing. Therefore, Plaintiff is filing another copy of the state court petition as Exhibit A to this motion for the Court's benefit and ease of reference.

1

    b.      That Paragraph 9(g) of the Agreement, which contains a choice of law provision designating Connecticut law as governing the Agreement, is null, void, and unenforceable under La. Rev. Stat. § 23:921(A)(2);

    c.      That Paragraph 5(a) of the Agreement, which contains a forum selection clause providing that the "interpretation and enforcement of the provisions of this Agreement shall be resolved and determined exclusively by the state court sitting in Fairfield County, Connecticut or the federal courts in the District of Connecticut" is null, void, and unenforceable under La. Rev. Stat. § 23:921(A)(2);

    d.      That Paragraph 3(a)(ii) of the Agreement, which contains a customer non-solicitation provision, is unenforceable because it fails to specify the parishes or municipalities where customer solicitation is prohibited, in violation of La. Rev. Stat. § 23:921(C);

    e.      That Paragraph 3(a)(vi) of the Agreement, which contains a non-compete provision, is unenforceable because it fails to specify the parishes or municipalities where competition is prohibited, in violation of La. Rev. Stat. § 23:921(C);

    f.      That Paragraph 3(d) of the Agreement, which purports to toll the twelve (12) month restrictive period and extend it for "any time during which [Plaintiff] is in violation of any provision of this Agreement and any time during which there is pending in any court of competent jurisdiction any action (including any appeal from any final judgment) brought by any person, whether or not a party to this Agreement[,]" is unenforceable beyond two years from the date of termination of Plaintiff's employment with Defendants, pursuant to La. Rev. Stat. § 23:921(C); and

    g.      That pursuant to Paragraph 9(f) of the Agreement, the Defendants are equitably estopped under Louisiana law from enforcing Paragraph 3(a)(i) of the Agreement.

**3.**

Because the grounds for Plaintiff's Motion for Summary Judgment involve purely questions of law regarding contractual interpretation, as well as factual assertions in the Plaintiff's Petition for which there is no genuine dispute, there is no need for any discovery pursuant to Fed. R. Civ. P. 56(d).

WHEREFORE, for the foregoing reasons, in addition to those set forth in the attached memorandum in support, which are fully incorporated by reference herein, Plaintiff prays that his

Motion for Summary Judgment be granted, and that judgment be entered in his favor, declaring that:

1. Louisiana law governs the enforceability of the Agreement;

2. Paragraph 9(g) of the Agreement, which contains a choice of law provision designating Connecticut law as governing the Agreement, is null, void, and unenforceable under La. Rev. Stat. § 23:921(A)(2);

3. Paragraph 5(a) of the Agreement, which contains a forum selection clause providing that the "interpretation and enforcement of the provisions of this Agreement shall be resolved and determined exclusively by the state court sitting in Fairfield County, Connecticut or the federal courts in the District of Connecticut" is null, void, and unenforceable under La. Rev. Stat. § 23:921(A)(2);

4. Paragraph 3(a)(ii) of the Agreement, which contains a customer non-solicitation provision, is unenforceable because it fails to specify the parishes or municipalities where customer solicitation is prohibited, in violation of La. Rev. Stat. § 23:921(C);

5. Paragraph 3(a)(vi) of the Agreement, which contains a non-compete provision, is unenforceable because it fails to specify the parishes or municipalities where competition is prohibited, in violation of La. Rev. Stat. § 23:921(C);

6. Paragraph 3(d) of the Agreement, which purports to toll the twelve (12) month restrictive period and extend it for "any time during which [Plaintiff] is in violation of any provision of this Agreement and any time during which there is pending in any court of competent jurisdiction any action (including any appeal from any final judgment) brought by any person, whether or not a party to this Agreement[,]" is unenforceable beyond two years from the date of termination of Plaintiff's employment with Defendants, pursuant to La. Rev. Stat. § 23:921(C); and

7. Pursuant to Paragraph 9(f) of the Agreement, the Defendants are equitably estopped under Louisiana law from enforcing Paragraph 3(a)(i) of the Agreement.

Respectfully submitted,

**ADAMS AND REESE LLP**

*/s/ Gregory F. Rouchell*
**GREGORY F. ROUCHELL (#28746)**
701 Poydras St., Suite 4500
New Orleans, Louisiana 70139
Telephone:    (504) 581-3234
Facsimile:    (504) 566-0210
gregory.rouchell@arlaw.com
*Attorney for Plaintiff, Joshua Jones*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 13, 2021, I electronically filed the foregoing *Motion for Summary Judgment* with the Clerk of Court by using the CM/ECF filing system, which will send a notice of electronic filing to all CM/ECF participants.

>                               */s/ Gregory F. Rouchell*
>                               **GREGORY F. ROUCHELL**