UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOSHUA JONES | * | CIVIL ACTION NO: 3:21-cv-00419 |
|     Plaintiff | * | |
| | * | |
| VS. | * | JUDGE BRIAN A. JACKSON |
| | * | |
| UNITED RENTALS (NORTH AMERICA), | * | MAGISTRATE JUDGE RICHARD L. |
| INC. and UNITED RENTALS, INC. | * | BOURGEOIS, JR. |
|     Defendants | * | |
| | * | |
| * * * * * * * | | |

## STATEMENT OF MATERIAL FACTS

Plaintiff, Joshua Jones, submits the following Statement of Material Facts in Support of his Motion for Summary Judgment for which there is no genuine issue of material fact to be tried:

1. At all times during Plaintiff's employment with Defendants, Plaintiff resided and worked in the State of Louisiana. *See* Exhibit 1 at ¶ 1, 5-7; *see also* Doc. No. 6 at ¶ 1, 5-7; *see also* Exhibit 2 at ¶ 5.

2. On February 25, 2021, Mr. Jones emailed United Rentals' Human Resources Director, Tamara Landry, to request a copy of any non-compete agreements he may have in place with United Rentals. *See* Exhibit 1 at ¶ 9; *see also* Doc. No. 6 at ¶ 9; *see also* Exhibit 2 at ¶ 7.

3. On March 3, 2021, United Rentals' Human Resources Director, Tamara Landry, informed Mr. Jones that United Rentals was "unable to locate your legacy employment agreement with RSC" and, therefore, "we will be asking you to sign a new agreement." *See* Exhibit 1 at ¶ 10; *see also* Doc. No. 6 at ¶ 10 *see also* Exhibit 2 at ¶ 8.

4. Relying on United Rentals' representations that it could not locate any agreement or existing restrictive covenants, as well as the fact that United Rentals asked him to sign a

1

        new agreement, Mr. Jones concluded that there was no contractual reason why he could not work for EquipmentShare. *See* Exhibit 1 at ¶ 11; *see also* Doc. No. 6 at ¶ 11; *see also* Exhibit 2 at ¶ 9.

5. By March 9, 2021, Plaintiff had signed an offer letter with EquipmentShare and thereafter began working as a Territory Account Manager based out of Harvey, Louisiana in Jefferson Parish, on March 16, 2021. *See* Exhibit 1 at ¶ 11; *see also* Doc. No. 6 at ¶ 11; *see also* Exhibit 2 at ¶ 11.

6. On April 8, 2021, Mr. Jones received a letter from Karen C. Denney, an attorney with the law firm of Haynes Boone in Fort Worth, Texas. *See* Exhibit 1 at ¶ 13-14; *see also* Doc. No. 6 at ¶ 13-14; *see also* Exhibit 2 at ¶ 12.

7. Enclosed with the letter was a copy of what purports to be an Employment Agreement ("the Agreement") between Mr. Jones and the Defendants that had previously been entered into eight (8) years ago on February 18, 2013. *Id.*

8. Mr. Jones is not in possession of or using any of United Rentals' confidential information or trade secrets. *See* Exhibit 1 at ¶ 15; *see also* Doc. No. 6 at ¶ 15; *see also* Exhibit 2 at ¶ 13.

9. Mr. Jones has no recollection of ever receiving a copy of the Agreement, and he was not in possession of the Agreement prior to receiving Ms. Denney's letter. *See* Exhibit 1 at ¶ 19; *see also* Doc. No. 6 at ¶ 19; *see also* Exhibit 2 at ¶ 14.

10. Mr. Jones has refrained from performing any work for EquipmentShare in East Baton Rouge, Livingston, or Ascension parishes since receiving Ms. Denney's letter. *See* Exhibit 2 at ¶ 15.

11. Not being able to work in East Baton Rouge, Livingston, or Ascension parishes has inhibited Mr. Jones' ability to generate revenue for EquipmentShare, which in turn is having a direct impact on his annual compensation. *Id.*

12. The Employment Agreement refers to Plaintiff as "Employee" and refers to Defendants, collectively, as "the Company." *See* Exhibit 1, at Attachment C in "Recitals."

13. The Agreement states that "Employee is or will be employed by the Company" and that he "is employed on at-will basis." *Id.* in "Recitals" and ¶ 1(a).

14. Paragraph 3 of the Agreement, entitled "Non-Compete Provisions," includes various restrictive covenants. *Id.* at ¶ 3.

15. Paragraph 3(a)(ii) of the Agreement states that:

    (a) During Employee's employment by the Company and for a period of 12 months immediately following the termination of employment for any reason whatsoever, (whether for cause, by resignation or otherwise) Employee will not, directly or indirectly (whether through affiliates, relatives or otherwise):

    […]

    (ii) solicit the business of, or call upon, or conduct business with any person or entity, or affiliate of any such person or entity, who or which is or was a customer, supplier, manufacturer, finder, broker, or other person who had a business relationship with the Company or who was a prospect for a business relationship with the Company at any time during the period of the Employee's employment, for the purpose of providing or obtaining any product or service reasonably deemed competitive with any product or service then offered by the Company[.]

    *Id.* ¶ 3(a)(ii).

16. Paragraph 3(a)(vi) of the Agreement states that:

    (a) During Employee's employment by the Company and for a period of 12 months immediately following the termination of employment for any reason whatsoever, (whether for cause, by resignation or otherwise) Employee will not, directly or indirectly (whether through affiliates, relatives or otherwise):

**3**

      […]

    (vi)    own any interest in or by employed by or provide any services to any person or entity, which engages in any Competing Business[.]

*Id.* at ¶ 3(a)(vi).

17. The Agreement defines a "<u>Competing Business</u>" as "one which engages in the same or substantially similar business as the Company's Business." *Id.* at ¶ 3(a)(i).

18. The Agreement defines the Company's "<u>Business</u>" as "[t]he businesses in which the Company is at any time engaged, to any extent[.]" *Id.* at "Recitals."

19. Paragraph 3(d) of the Agreement states that:

(d)    All time periods in this Agreement shall be computed by excluding from such computation any time during which Employee is in violation of any provision of this Agreement and any time during which there is pending in any court of competent jurisdiction any action (including any appeal from any final judgment) brought by any person, whether or not a party to this Agreement, in which the Company seeks to enforce the agreements and covenants in this Agreement or in which any person contests the validity of such agreements and covenants or their enforceability or seeks to avoid their performance or enforcement.

*Id.* at p. 47, ¶ 3(d).

20. Paragraph 9(g) of the Agreement states that:

(g)    This Agreement shall in all respects be constructed according to the laws of the State of Connecticut, without regard to its conflict of laws principals.

*Id.* at p. 51, ¶ 9(g).

21. Paragraph 5(a) of the Agreement, entitled "<u>Consent to Personal Jurisdiction</u>," states in pertinent part that:

(a)    Employee hereby agrees that the interpretation and enforcement of the provisions of this Agreement shall be resolved and determined exclusively by the state court sitting in Fairfield County, Connecticut or the federal courts in the District of Connecticut….

*Id.* at p. 49, ¶ 5(a).

22. Paragraph 9(f) of the Agreement states in pertinent part:

(f) All rights and remedies of either Party expressly set forth herein are intended to be cumulative and not in limitation of any other right or remedy set forth herein or otherwise available to such party at law or in equity.

Respectfully submitted,

**ADAMS AND REESE LLP**

*/s/ Gregory F. Rouchell*
**GREGORY F. ROUCHELL (#28746)**
701 Poydras St., Suite 4500
New Orleans, Louisiana 70139
Telephone:    (504) 581-3234
Facsimile:    (504) 566-0210
gregory.rouchell@arlaw.com
*Attorney for Plaintiff, Joshua Jones*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 13, 2021, I electronically filed the foregoing *Statement of Material Facts* with the Clerk of Court by using the CM/ECF filing system, which will send a notice of electronic filing to all CM/ECF participants.

*/s/ Gregory F. Rouchell*
**GREGORY F. ROUCHELL**