UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOSHUA JONES, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 3:21-CV-00419-BAJ-RLB |
| UNITED RENTALS (NORTH AMERICA), INC. AND UNITED RENTALS, INC., | : | |
| | : | JUDGE JACKSON |
| Defendants. | : | MAGISTRATE BOURGEOIS |
| | : | |

### DEFENDANTS' MEMORANDUM IN SUPORT OF
### RULE 56(d) MOTION FOR CONTINUANCE

Defendants United Rentals (North America), Inc. and United Rentals, Inc. (collectively "United Rentals" or "Defendants") file this Memorandum in Support of Rule 56(d) Motion for Continuance pursuant to Fed. R. Civ. P. 56(d) and respectfully show the Court as follows:

### PRELIMINARY STATEMENT

Plaintiff Joshua Jones ("Plaintiff" or "Jones") filed a premature Motion for Summary Judgment on August 13, 2021, before *any* discovery has been initiated or obtained in this case.[1] Plaintiff's Motion for Summary Judgment attempts to oversimplify the determinative issues and ignores genuine issues of material fact that are essential to the outcome of this case and need to be developed through discovery. Thus, consideration of Plaintiff's Motion for Summary Judgment at this time would be inconsistent with the Federal Rules of Civil Procedure and justice, and the Court should deny Plaintiff's Motion for Summary Judgment, or in the

---

[1] *See* Motion for Summary Judgment (Dkt. 7).

1

alternative, defer consideration of same until after United Rentals has had a meaningful opportunity to conduct discovery. The Motion is supported by the Declaration of Scott Huffstetler ("Huffstetler Decl."), attached hereto as **Exhibit A**.

## BACKGROUND

1. Plaintiff filed this lawsuit on June 14, 2021. As part of the relief sought in this lawsuit, Plaintiff seeks a judgment declaring, among other things, that "[n]otwithstanding Paragraph 3(a)(i) of the Agreement, Plaintiff may lawfully compete against United Rentals in East Baton Rouge, Livingston, and Ascension Parishes based on Louisiana's equitable doctrine of detrimental reliance."[2]

2. On July 21, 2021, United Rentals timely removed the lawsuit to this Court.[3]

3. On July 28, 2021, less than one month ago, United Rentals timely filed Defendants' Original Answer and Defenses to Plaintiff's Petition for Declaratory Judgment.[4]

4. On August 13, 2021, Plaintiff filed his Motion for Summary Judgment, which argues, among other things, that United Rentals is equitably estopped from enforcing a key portion of the Employment Agreement between Plaintiff and Defendants based on the doctrine of equitable estoppel.[5]

5. The Court has not yet issued an initial order in this case concerning a Fed. R. Civ. P. 26(f) conference, initial disclosures, or any a FED. R. CIV. P. 16 conference.

6. Plaintiff and Defendants have yet to hold a FED. R. CIV. P. 26(f) conference and have not exchanged initial disclosures.

---

[2] *See* Petition for Declaratory Judgment at 8 (Dkt. 7-3).
[3] Notice of Removal (Dkt. 1).
[4] Defendants' Original Answer and Defenses to Plaintiff's Petition for Declaratory Judgment (Dkt. 6).
[5] *See* Memorandum In Support of Motion for Summary Judgment at 2-3, 14-16 (Dkt. 7-1).

7. Thus, Fed. R. Civ. P. 26(d) has prohibited Defendants from engaging in discovery to date.

8. Discovery is needed concerning various matters concerning Plaintiff's equitable estoppel contention, including, without limitation, Plaintiff's knowledge of the terms of the Employment Agreement, Plaintiff's prior receipt of the Employment Agreement, Plaintiff's contention that he relied on any statements, whether such alleged reliance was justifiable, whether there was a change in position as a result of the alleged reliance, and other relevant matters, to allow Defendants to properly prepare for, and respond to, Plaintiff's Motion for Summary Judgment.[6]

## ARGUMENT & AUTHORITIES

Summary judgment should be refused where the opposing party has not had the opportunity to discover information that is essential to its opposition. *See*, *e.g.*, *Winfrey v. San Jacinto Cnty.*, No. 11-20555, 481 Fed. App'x 969, 982-983 (5th Cir. July 27, 2012) (reversing grant of summary judgment because discovery was inadequate on material issue and non-moving party had not had a "full and fair opportunity" to conduct discovery); *Fennell v. Quintela*, No. 07-50986, 393 Fed. App'x 150, 155 (5th Cir. Aug. 25, 2010) (trial court erred by denying Rule 56 continuance because non-moving party had not had "full and fair" opportunity to discover essential evidence). The United Stated Supreme Court has clearly stated that summary judgment should "be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, n.5 (1986); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (A summary judgment motion is only appropriate "after adequate time for discovery.").

---

[6] Ex. A, Huffstetler Decl. ¶7.

Under Rule 56(d), the nonmoving party may oppose summary judgment by submitting an affidavit or declaration asserting that "for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). Upon receipt of the nonmoving party's statement, the Court may "defer considering the [summary judgment motion] or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." *Id.*

The protection afforded by Rule 56(d) is an "essential ingredient of the federal summary judgment scheme." *Parakkavetty v. Indus. Int'l, Inc.*, No. 3:02-CV-1461-D, 2004 WL 354317, at *1 (N.D. Tex. Feb. 12, 2004) (Fitzwater, J.) (discussing Rule 56(f)[7]). It is an alternative to a response in opposition to summary judgment under Rule 56(e) and is designed to safeguard against a premature or improvident grant of summary judgment. *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990); *see also Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir. 1992) ("The purpose of Rule 56([d]) is to provide non-movants with a much needed tool to keep open the doors of discovery in order to adequately combat a summary judgment motion."); *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1268 (5th Cir. 1991) ("[T]he district court should have allowed Shortstop to complete discovery before proceeding to rule on Rally's motion. Summary judgment is a lethal weapon. We must afford prospective victims some protective armor if we expect them to properly defend against it."). Rule 56(d) provides a remedy where a party has had "insufficient time for discovery or that the relevant facts are in the exclusive control of the opposing party." *Union City Barge Line, Inc. v. Union Carbide Corp.*, 823 F.2d 129, 136 (5th Cir. 1987); *see also Culwell v. City of Fort Worth*, 468 F.3d 868, 873 (5th Cir. 2006). As this Court has recognized:

---

[7] Rule 56(f) has been recodified "without substantial change" as Rule 56(d). *See* FED. R. CIV. P. 56 advisory committee's note; *Sapp v. Mem'l Hermann Healthcare Sys.*, 406 Fed. App'x 866, 869 (5th Cir. 2010).

> A motion for a continuance under Rule 56(d) is broadly favored and should be liberally granted. Indeed, when the party opposing the summary judgment informs the court that its diligent efforts to obtain evidence from the moving party have been unsuccessful, a continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course.

*McAdams v. Receivable Recovery Servs., LLC*, No. CV 19-00248-BAJ-EWD, 2020 WL 6153688, at *3 (M.D. La. Oct. 20, 2020) (Jackson, J.) (quoting *Castro v. Texas Dep't of Crim. Just.,* 541 Fed. App'x 374, 377 (5th Cir. 2013) (quotation marks and citations omitted)).

"[A] request to stay summary judgment under Rule 56([d]) must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (quotations and citation omitted). However, "[t]echnical, rigid scrutiny of a Rule 56([d]) motion is inappropriate." *Union City Barge Line*, 823 F.2d at 136. Moreover, the burden is less on the nonmovant when no discovery has been conducted. *See* Wagstaffe, *et al.*, Prac. Guide Fed. Proc. Before Trial (Nat Ed.) (The Rutter Group 2016) ¶ 14:114.10, p. 14-40 ("A lesser showing of specificity may be allowed before any discovery has taken place, because the party making a Rule 56(d) motion 'cannot be expected to frame its motion with great specificity as to the kind of discovery likely to turn up useful information, as the ground for such specificity has not been laid.'")(quoting *Burlington Northern Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.2d 767, 774 (9th Cir. 2003)).

In this case, Plaintiff is seeking summary judgment concerning a key portion of the Employment Agreement based on the doctrine of equitable estoppel, claiming that Plaintiff detrimentally relied on a statement. "The doctrine of detrimental reliance is not favored by Louisiana law, and all claims must be examined strictly and carefully." *McPherson v. Cingular*

*Wireless, LLC*, 07-0462, p. 9 (La.App. 3 Cir. 10/3/07); 967 So.2d 573, 579, *writ not considered*, 07-2147 (La. 1/7/08); 972 So.2d 1150. "Detrimental reliance requires (1) a representation by conduct or word, (2) justifiable reliance on the representation, and (3) a change in position to the plaintiff's detriment as a result of the reliance." *Drs. Bethea, Moustoukas & Weaver LLC v. St. Paul Guardian Ins. Co.*, 376 F.3d 399, 403 (5th Cir. 2004) (citing *Babkow v. Morris Bart, P.L.C.*, 98-0256, p. 7 (La.App. 4 Cir. 12/16/98); 726 So.2d 423, 427); *see also* Louisiana Civil Code art. 1967. Under Louisiana law, reasonableness is determined by examining factual circumstances. *In re Ark-La-Tex Timber Co., Inc.*, 482 F.3d 319, 334 (5th Cir. 2007); *Babkow*, 726 So.2d at 428 (characterizing the reasonable reliance determination as "extremely fact intensive" and distinguishing precedent on the unique facts of the case).

Clearly United Rentals is entitled to discovery concerning whether Plaintiff's reliance was justifiable and whether there was a change in position to Plaintiff's detriment as a result of the alleged reliance, as well as other relevant matters, which will require discovery from Plaintiff and Plaintiff's new employer. *See Drs. Bethea, Moustoukas & Weaver LLC*, 376 F.3d at 403; *Babkow*, 726 So.2d at 428. Such discovery will provide material and relevant evidence regarding the merits of Plaintiff's equitable estoppel argument and allow Defendants to prepare for, and respond to, Plaintiff's Motion for Summary Judgment.[8]

---

[8] Plaintiff's Motion for Summary Judgment seeks adjudication regarding choice of law/forum, non-competition, non-solicitation, and tolling provisions of the Employment Agreement. Although Plaintiff may argue that some of these provisions are susceptible to summary adjudication without discovery on facts related to Plaintiff's detrimental reliance/equitable estoppel allegations, Defendants would dispute such an argument. Because Plaintiff's detrimental reliance/equitable estoppel allegations concern his beliefs regarding the existence of the entire Employment Agreement, it would be premature to rule on any provision of the Employment Agreement until discovery is had. Moreover, principles of judicial economy and efficiency weigh against deciding Plaintiff's Motion for Summary Judgment piecemeal. This Court recognized that in Middle District of Louisiana Local Rule 56(h), which provides, "As a general rule, a party may file only one motion for summary judgment that addresses all issues for which that party seeks summary judgment. A party may submit multiple motions for summary judgment only after seeking leave of Court and demonstrating good cause."

## **CONCLUSION**

For the foregoing reasons, Plaintiff's premature Motion for Summary Judgment should be denied or deferred while the parties conduct the discovery necessary for Defendants to fully respond to Plaintiff's Motion for Summary Judgment.

Respectfully submitted,

*/s/ Karen C. Denney*
Karen C. Denney -Lead Attorney
Texas State Bar No. 24036395
karen.denney@haynesboone.com

**HAYNES AND BOONE, LLP**
301 Commerce Street, Suite 2600
Fort Worth, Texas 76102
Telephone: 817-347-6616
Telecopier: 817-348-2327


*/s/ Scott D. Huffstetler*
Scott D. Huffstetler
Louisiana State Bar No. 28615
scott.huffstetler@keanmiller.com
Chelsea G. Caswell
Louisiana State Bar No. 35147
chelsea.caswell@keanmiller.com
Mary Kathryn Gimber
Louisiana State Bar No. 38748
marykathryn.gimber@keanmiller.com

**KEAN MILLER LLP**
400 Convention Street, Suite 700 (70802)
Post Office Box 3513
Baton Rouge, LA  70821
Telephone: (225) 387-0999
Facsimile: (225) 388-9133

**ATTORNEYS FOR DEFENDANTS UNITED RENTALS (NORTH AMERICA), INC. AND UNITED RENTALS, INC.**

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the forgoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to the following, by operation of the Court's electronic filing system:

Gregory F. Rouchell
gregory.rouchell@arlaw.com
Adams and Reese LLP
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139

Baton Rouge, Louisiana, this 24th day of August, 2021.

>*/s/ Scott D. Huffstetler*
> Scott D. Huffstetler

4852-8628-9144 v1